UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GORDON MCCRAY,

                  Plaintiff,

        - against -

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-6226 (PKC)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Gordon McCray brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision by Social Security Administration ("SSA") denying Plaintiff's claim for disability insurance benefits ("DIB"). Defendant now moves to dismiss this Complaint on the ground that it was not timely filed. Plaintiff has not responded to the motion. For the reasons that follow, the Court grants Defendant's motion to dismiss.

## BACKGROUND

Plaintiff applied for DIB on September 3, 2015. (*See* Dkt. 14-3 at ECF 8.[1]) The SSA denied Plaintiff's claim on December 9, 2015, and Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) On January 24, 2018, Plaintiff appeared and testified at an administrative hearing before the ALJ. (*Id.*) By decision dated February 22, 2018, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at ECF 15.) Plaintiff requested that the Appeals Council review the ALJ's decision but, by letter dated March 15, 2019, the Appeals Council denied Plaintiff's request for review. (*Id.* at ECF 3, 20–22.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

The March 15, 2019 letter informed Plaintiff that he had 60 days to file a civil action challenging the decision. (*Id.* at ECF 3, 21.) On May 17, 2019, the Appeals Council received a timely request for more time to file a civil action. (*Id.* at 4.) By letter dated August 26, 2019, the Appeals Council granted the request, giving Plaintiff 30 days from receipt of the August 26, 2019 letter to commence a civil action. (*Id.*) A claimant is presumed to receive notice from the SSA five days after it is sent. *See* 20 C.F.R. §§ 404.1703, 422.10(c). Accordingly, Plaintiff had until September 30, 2019 to file a civil action.

Plaintiff filed this action on October 31, 2019. (Dkt. 1.) Defendant moved to dismiss the complaint as untimely filed on June 7, 2021. (Dkt. 14.) Plaintiff's response was due on July 5, 2021. (06/03/2021 Docket Order.) By July 14, 2021, Plaintiff had not responded, so the Court *sua sponte* extended Plaintiff's time to respond to August 13, 2021. (07/14/2021 Docket Order.) Having received no response from Plaintiff, the Court deemed the motion unopposed on August 23, 2021. (08/23/2021 Docket Order.[2]) The Court has not received any communication from Plaintiff since he filed this action.

### DISCUSSION

42 U.S.C. § 405(g) states that

[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The Supreme Court has held that § 405(g)'s filing deadline is "not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

---

[2] All Court orders were mailed to Plaintiff at his address of record and none were returned as undeliverable.

2

Because § 405(g)'s statute of limitations is a "condition on the waiver of [the United States'] sovereign immunity," it must be strictly construed. *Id.* at 479. Accordingly, courts routinely dismiss Social Security appeals even when they are filed only a few days past the filing deadline. *See, e.g.*, *Ortiz v. Berryhill*, No. 19-CV-171 (LGS) (DF), 2020 WL 4754934, at *8 (S.D.N.Y. July 15, 2020) (dismissing *pro se* complaint filed seven days late), *report and recommendation adopted*, 2020 WL 4750643 (S.D.N.Y. Aug. 17, 2020); *Thomas v. Comm'r of Soc. Sec.*, No. 16-CV-9247 (LTS) (KHP), 2017 WL 3475435, at *3 (S.D.N.Y. June 22, 2017) (one day late), *report and recommendation adopted*, 2017 WL 3475064 (S.D.N.Y. Aug. 11, 2017); *Paniagua v. Comm'r of Soc. Sec.*, No. 15-CV-2038 (JCM), 2017 WL 699117, at *3 (S.D.N.Y. Feb. 21, 2017) (24 days late); *Twumwaa v. Colvin*, No. 13-CV-5858 (AT) (JLC), 2014 WL 1928381, at *3 (S.D.N.Y. May 14, 2014) (seven days late), *report and recommendation adopted*, (S.D.N.Y. July 29, 2014, ECF 19).

To overcome a failure to timely file, a plaintiff bears the burden of showing that equitable tolling is warranted. *See Bowen*, 476 U.S. at 479–80; *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). A late-filing plaintiff seeking equitable tolling must prove two things: (1) plaintiff "has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

As explained, Plaintiff had until September 30, 2019 to file a civil action, but did not do so until October 31, 2019, over a month after the statute of limitations had lapsed. Despite multiple communications from the Court, and a *sua sponte* extension of his time to respond to the motion

to dismiss, Plaintiff did not file an opposition, and thus offered no explanation or evidence indicating that equitable tolling should apply.    The Court, which must strictly construe the deadline, therefore finds dismissal appropriate.  *See Bowen*, 476 U.S. at 479; *Thomas v. Comm'r of Soc. Sec.*, No. 20-CV-4417 (PKC), 2021 WL 1108663, at *2 (E.D.N.Y. Mar. 23, 2021) (granting the SSA's motion to dismiss where the *pro* se plaintiff filed suit approximately one month after the statute of limitations and submitted no opposition to the motion to dismiss).

## CONCLUSION

For the foregoing reasons, Plaintiff's case is dismissed as time-barred.  The Clerk of Court is respectfully requested to enter judgment for the Commissioner and to close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  January 17, 2022
           Brooklyn, New York